IWATA TRADING COMPANY, INC., c/o
HARPER, ROBINSON & CO. ET AL. *v.* UNITED STATES

**No. 7171.**—Invoices dated Yokohama, Japan, November 29, 1939, etc.
  Certified November 29, 1939, etc.
  Entered at San Francisco, Calif., December 20, 1939, etc.
  Entry No. 5069, etc.

(Decided April 11, 1947)

*Harper & Harper* (*Frank L. Lawrence* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated as follows between counsel for plaintiff(s) and the Assistant Attorney General for the United States, concerning the merchandise referred to herein:

(1) That said merchandise consists of articles or fabrics made of rayon which in all material respects are such or similar to the rayon in the merchandise involved in *United States* v. *Nippon Dry Goods Co.*, Reap. Dec. 5006; that the issue herein and conditions as to market value are the same as the issue and conditions as to market value in the cited case, and the record in said case is hereby incorporated herein.

(2) That the appraised values of the rayon articles or rayon fabrics covered by these appeals, less any additions made by the importer by reason of the so-called Japanese consumption tax, to meet advances made by the appraiser in similar cases, represent the prices at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, and that there were no higher foreign values at the time of exportation thereof.

(3) That the appeals herein are abandoned as to all merchandise except rayon articles or rayon fabrics, and these cases are submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the rayon articles or rayon fabrics here involved, and that such values are the appraised values, less any additions made by the importers by reason of the so-called Japanese consumption tax to meet advances made by the appraiser in similar cases.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed.

Judgment will be rendered accordingly.